### PRINCETON.

*If the inhabitants of a town vote, previous to balloting for a representative, to dispense with the check list, an election effected at such balloting is void.*

THE election in this town being controverted, on the ground, that, at the meeting when it took place, the inhabitants voted to dispense with the check list, the committee on elections reported thereon as follows:—

"The committee on elections, to whom was referred the petition of David Wilson and others, of Princeton, against the seat of Ebenezer Parker, the sitting member from that town, report, that having notified the parties, the only evidence offered in support of the petition was the record of the town clerk, which was as follows:—

'FOR REPRESENTATIVE TO THE GENERAL COURT.

The votes having been sorted and counted on the first ballot, it appeared that no person had a majority of all the votes given in. Said inhabitants then voted to dispense with the check list, and gave in their votes a second time, and the same being sorted and counted, were as follows:—For Ebenezer Parker, seventy-seven; Charles A. Myrick, forty-seven; John Myrick, twenty-four; Israel Everett, one; Enoch Brooks, one; John Brooks, one; and Mr. Ebenezer Parker was declared to be duly elected.'

The above town-record was admitted to be true.

[1] 64 J. H. 76, 77.

The committee recommend the adoption of the following order :—

Ordered, That the seat of Ebenezer Parker, returned as a member of this house, from Princeton, be and hereby is declared vacant."

This report was agreed to.[1]

The committee on elections also reported certain orders for the purpose of causing a prosecution to be instituted, for the illegal conduct of the town and the selectmen, in dispensing with the check list, which orders were indefinitely postponed.[2] A motion was also made for a precept for a new election, which was refused by the house.[3] The member was allowed his pay.[4]